UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.

BRENNEN BRYANT,

                Defendant.

**DECISION AND ORDER**
18-CR-121-A

---

      Defendant Brennan Bryant is named, together with his co-defendant Tyrone Green, III, in a 17-count Superseding Indictment (Dkt. No. 22). The charges include conspiracy to possess with intent to distribute heroin, butyryl fentanyl, fentanyl, and cocaine (Count 1); possession with intent to distribute, and to distribute, various controlled substances (Counts 2-15 and 17); and distribution of fentanyl causing the death of victim A.N. (Count 16). Notably, both defendants are charged in Count 16,[1] *i.e.*, with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, which has a 20-year mandatory minimum term of imprisonment and a maximum of life.

      Pending before the Court is Defendant's motion (Dkt. No. 116) for release from custody. The Government filed a response (Dkt. No. 122) in opposition to Defendant's motion, and the U.S. Probation Office filed a memorandum dated June 17, 2021 (Dkt. No. 133) opposing the motion as well. Defendant filed proposed conditions for pretrial release (Dkt. No. 125) that the Government opposed (Dkt. No. 126). At direction of the Court, the parties made supplemental submissions addressing the delays in the case

---

[1] Defendant is charged in Counts 1-5, 8-14, and 16, while co-defendant Green is charged in Counts 1, 6, 7, and 11-17.

with respect to the question of Defendant's pretrial detention and whether there is a due process violation.  (Dkt. Nos. 131, 135).  Upon due consideration of the parties' filings, and oral argument that was heard on several non-consecutive dates, *i.e.*, May 21, 2021, June 25, 2021, and July 1, 2021, Defendant's motion is hereby DENIED, for the reasons set forth below.

The Court assumes the parties' familiarity with the prior proceedings, the pending motions, and the arguments that have been raised.  The Court refers to those proceedings and the procedural history only as is necessary to explain the reasoning that follows.

The instant motion is Defendant's third motion for release in this case.  Defendant initially waived a detention hearing because there is a State detainer but reserved the right to move for reconsideration in the future based on changed circumstances.  *See* CM/ECF Minute Entry, 05/17/2018.  He thereafter moved for release before the Magistrate Judge (Dkt. No. 76), based in part on the COVID-19 pandemic.  The motion was denied (Dkt. No. 79).  Shortly thereafter, Defendant filed a motion for reconsideration (Dkt. No. 81).  In addition to a pandemic-related argument, that motion also raised arguments in support of release related to due process and the length of Defendant's pretrial detention, the timing of Defendant's arrest, the alleged strength of his defense to the charges, and his anticipated release pending sentencing in his State case should his motion for release in the Federal case be granted.  The Magistrate Judge denied this motion as well (Dkt. No. 84), finding, among other things, that Defendant's due process argument was "without merit", and citing *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (per curium) (holding that the anticipated 27

months of pretrial detention before the conclusion of an "expected lengthy trial", while "unquestionably a long duration", did not offend due process).

The current motion for release (Dkt. No. 116) from pretrial detention to home confinement,[2] filed on February 19, 2021: (1) noted the additional time Defendant had been detained since his last motion was filed; (2) stated that Defendant fell ill to COVID-19 in the interim; and (3) argued that, in defense counsel's "opinion, [Defendant] likely faces a sentence of time served" from the Judge in his State case. During oral argument on the motion, Defendant again raised the argument that because of the timing of his arrest in this matter, that contravenes his dangerousness.

A detention hearing may be reopened, and a detention order reconsidered, "at any time before trial if the [Court] finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). As noted by the Government (Dkt. No. 122, pp. 1-2), Defendant's current motion largely contains previously raised arguments that were rejected by the Magistrate Judge in denying prior motions for release. Those prior decisions and orders are incorporated herein by reference.

As to Defendant's claim that he contracted COVID-19 while in pretrial detention, "[w]hile the Court is certainly cognizant of the unprecedented risks posed to individuals and the public by the rapidly-unfolding pandemic", Defendant does not argue that he

---

[2] Although Defendant requests release to home confinement (Dkt. No. 116), it is also indicated that he "would seek employment if released" and "would accept a curfew restriction" (Dkt. No. 125-1, p. 2). Such proposed conditions would render him released to home detention or curfew, respectively, not to home confinement.

3

was symptomatic, that he has not since recovered from the virus, or that "he has any medical condition placing him at an increased risk of complications or severity of symptoms if he were to contract the virus [again]." *United States v. Stephenson*, 17-CR-199-A, 2020 WL 7398759, 2020 U.S. Dist. LEXIS 237809, *22 (W.D.N.Y. Dec. 17, 2020).

      With respect to Defendant's argument that he must not be a danger to any other person or the community considering that he was not immediately arrested in this case, the Government argues in response that any purported delay in arresting Defendant was due to prosecutorial discretion. The Court concludes that there are no facts or evidence indicating that any delay was due to a lack of danger or because Defendant is not a flight risk. Moreover, other district courts have rejected similar arguments from defendants. *See United States v. Brown*, 2017 U.S. Dist. LEXIS 179110, *7 (W.D. Pa. Oct. 30, 2017) (rejecting the defendant's argument that "the Government's delay in arresting Defendant from February 2017 until after the Indictment in this case shows that the Government did not believe he was a serious danger to the community" and therefore his release would pose no danger to the community); *United States v. Little*, 235 F. Supp. 3d 272 (D.D.C. 2017) ("The Government is permitted to make its own determinations on when to indict a defendant and without evidence of abuse or some facts to support that the delay was due to a lack of danger, the delay does not affect the detention analysis.").

Regarding Defendant's possible sentence of time served in his State case,[3] the Government argues that such argument is speculative and "[i]t is completely irrelevant to the Court's determination of the defendant's risk of flight or danger to the community." *See* Dkt. No. 122, p. 7.  The Court agrees.

As to the length of Defendant's pretrial detention, "[t]o determine whether the length of a pretrial detention violates a defendant's due process rights, we must weigh: (i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay of the trial; and (iii) the strength of the evidence upon which the detention was based, [such as] evidence of [the defendant]'s danger to the community." *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993).

When jury selection begins on October 5, 2021, Defendant will have been detained for approximately 40 to 41 months, since the date of his arrest.  According to the parties, the trial is anticipated to last one week.  *See* CM/ECF Minute Entry, 05/14/2021.  Forty-one months is undoubtedly lengthy and thus this factor weighs in Defendant's favor; however, "the length of a detention period will rarely by itself offend due process." *Orena*, 986 F.2d at 631.  In addition, depending on the circumstances of the case, it has been held that periods of pretrial detention on par with the 41 months at issue here, or even longer, do not offend due process.  *See e.g.*, *United States v. Speed*, 09-CR-329A, 2013 WL 1221479, 2013 U.S. Dist. LEXIS 41713, *13-14 (2d Cir. Mar. 25, 2013) (holding that "[c]ontinued detention remain[ed] appropriate" for defendants who had been in pretrial custody for 44 and 48 months, and whose trials

---

[3] On June 25, 2021 and July 1, 2021, defense counsel argued that Defendant is facing 1 to 9 years on his plea of guilty to the State court charges, and that in his opinion a sentence of 3 to 4 years is "likely" and thus with good time credit, Defendant would be discharged from State custody.

were "unlikely to occur" before later that year); *United States v. Newburn*, 15-CR-98-FPG-2, 2018 WL 1250018, 2018 U.S. Dist. LEXIS 39943, *19-20 (W.D.N.Y. Mar. 12, 2018) (noting where the total pretrial detention period would exceed 37 months, "the Second Circuit and other courts in this district have held that much longer pretrial detention periods did not violate the Due Process Clause") (collecting cases); *United States v. Scott*, 12-CR-235, 2015 U.S. Dist. LEXIS 195144, *12 (W.D.N.Y. Sept. 15, 2015) ("Indeed, the Second Circuit has held, in certain circumstances, that periods of pre-trial detention of up to and including 40 months do not violate a defendant's due process rights.") (collecting cases).  Defendant is also facing serious charges, particularly Count 16 (distribution of fentanyl causing death), which carries a 20-year mandatory minimum term of imprisonment and a maximum of life imprisonment.

Addressing the second factor, the Court concludes that the Government is not primarily responsible for the delay.  The Court generally incorporates by reference the Government's summary of the periods of delay in this case (Dkt. No. 131).[4]  "The Government has not requested any continuances, and there is nothing on the record to suggest that it has otherwise acted to delay the case."  *United States v. Acevedo-Baldera*, 3:18-cr-00155 (AWT), 2020 WL 9156933, 2020 U.S. Dist. LEXIS 252889, *34

---

[4] Several dates stated by the Government in Docket Number 131 are incorrect/ typos, namely: (1) "August 5, 2018" and "August 12, 2018", in the paragraph on page 4 concerning plea negotiations, should read "August 5, 2019" and "August 12, 2019", respectively; and (2) "July 9, 2020" on page 5, the date of co-defendant's objections to the Report and Recommendation, should read instead "July 19, 2020". When detailing the dates oral argument was held on the instant motion, the Government states the three oral argument dates set forth above, and then states, "[o]ral argument is now scheduled to continue on July 26, 2021."  (Dkt. No. 131, p. 7).  July 26, 2021 was the date originally scheduled at the June 25, 2021 proceeding, for continuation of the oral argument.  However, oral argument was instead continued to July 1, 2021 at the request of defense counsel.  *See* Dkt. No. 128.  At the final date of oral argument on July 1, 2021, the Court required supplemental submissions on the due process factor of the prosecutor's responsibility for the delay, and otherwise deemed the matter submitted.  *See* CM/ECF Minute Entry, 07/01/2021.

(D. Conn. Nov. 23, 2020).  Indeed, when certain requests were made by co-defendant Green to extend motion deadlines (which appear largely due to pandemic-related issues) the Government objected but it appears Defendant did not.  (Dkt. Nos. 36, 85, 87).  Defendant caused delays due to a change in counsel (see Dkt. Nos. 27, 29-30) and filed at least one motion for an extension of motion deadlines following appointment of his current counsel (Dkt. No. 32, 33); these delays spanned mid-January through mid-May 2019.  Moreover, the Government represents that from June through October 2019, the parties engaged in plea negotiations, but Defendant ultimately rejected the plea offer.

The major source of delay in this case stems from co-defendant Green's pretrial motions, which resulted in two evidentiary hearings, a Report and Recommendation pertaining to each suppression-related hearing to which there were objections, and a remand back to the Magistrate Judge in between to address a Second Circuit decision that impacted the suppression issues.  Defendant did not seek severance from his co-defendant based on these delays.  Delays by a co-defendant in requesting extensions and engaging in motion practice do not equate to the prosecution's responsibility for the delay of the trial.  See e.g., United States v. Brazier, 12-CR-00235-RJA-JJM-11, 2015 U.S. Dist. LEXIS 195145, *7 (W.D.N.Y. Aug. 13, 2015) ("[W]hile [defendant] complains of the delay thus far, he has never moved for severance in order to obtain a more prompt trial.").

In addition, the parties appeared on May 14, 2021 to set a date for trial.  The trial date was set for October 5, 2021, which remains the trial date.  This four- to five-month delay was due to Defendant's attorney's availability.  See CM/ECF Minute Entry,

7

05/21/2021 ("The Court notes that there is a trial date in place (10/5/2021); by the time of the trial date, Deft will have been detained for 41 months.  Due to defense counsel's schedule, the trial could not be scheduled sooner.  Deft wants to continue with the representation by [his attorney].").

The Court concludes that this factor weighs against a due process violation.

As to the third and final factor, the strength of the evidence upon which the detention was based, "in determining whether a long detention offends due process, courts examine not only the strength of the Government's case against the defendant, but also the strength of the evidence presented on the other § 3142(g) factors". *Acevedo-Baldera*, 2020 U.S. Dist. LEXIS 252889, at *32, citing *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000).  This factor weighs against a due process violation.  The Court has considered the § 3142(g) factors, including the nature and circumstances of the instant offense; the gravity of the charges; Defendant's substance abuse and limited employment history; and Defendant's somewhat extensive arrest history.  The totality of the evidence still strongly suggests today that no condition or combination of conditions of release would reasonably assure community safety.

The Court has considered any remaining arguments by Defendant and has determined that they do not alter the above analysis.  Altogether, Defendant's detention still serves a permissible purpose, and he has not articulated that the circumstances for initially justifying his detention have changed.  Given the length of pretrial detention, there could come a point, in the near future and should the trial in this case be delayed, where length of detention alone warrants reconsideration of defendant's request.

For the foregoing reasons, Defendant's motion for release from custody (Dkt. No. 116) is DENIED.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: August 30, 2021
Buffalo, New York